1
2

UNITED STATES DISTRICT COURT

3

FOR THE DISTRICT OF COLUMBIA

4   MICHAEL PURCELL, KATRINA            Case No.:
    PURCELL, JOHN PURCELL, BRIDGET
5   PURCELL AND EDWARD PURCELL

6   419 HAWTHORNE AVE.                  COMPLAINT
    MIDDLESEX, NJ 08848
7

8                    Plaintiffs,

9   vs.

10
    THE HONORABLE ALEJANDRO
11  MAYORKAS, Secretary of Homeland Security

12  Washington D.C. 20528

13
    UNITED STATES CITIZENSHIP AND
14  IMMIGRATION SERVICES, an agency of the
    United States,
15
    c/o Office of the Chief Counsel
16  5900 Capital Gateway Drive
    Mail Stop 2120
17  Camp Springs, MD 20588-0009

18
    and
19
    MERRICK GARLAND
20  United States Attorney General
     U.S. Department of Justice
21  950 Pennsylvania Avenue, NW
     Washington, DC 20530-0001
22

23

24                   Defendants

25

26

27                        INTRODUCTION AND SUMMARY

28

COMPLAINT - 1

1. This is an action to hold unlawful and set aside a decision of the United States Citizenship and Immigration Services (USCIS), an agency within the Department of Homeland Security, denying plaintiff Michael Purcell's motion to reopen the agency's denial of his Application to Register Permanent Residence or Adjust Status, Form I-485, as well as to hold unlawful and set aside the agency's promulgation of the regulation upon which its decision appears to have been misplaced.

2. As will be shown, the decision was arbitrary and capricious in that it did not consider any of the extensive evidence Mr. Purcell submitted in support of his motion which directly contradicted its position.

3. Further, it was not in accordance with law in that the regulation upon which the agency's decision was apparently premised was contrary to the plain language of the Immigration and Nationality Act and adopted in an arbitrary and capricious manner without offering any rationale or even explanation for it whatsoever.

4. The other plaintiffs, Mr. Purcell's immediate family members, join in this action because their Forms I-485 were denied solely because of the denial of Mr. Purcell's, and so presumably would've been reopened if his was.

PARTIES

5. The plaintiffs are Michael Purcell and his spouse and children, all citizens and nationals of Ireland, currently residing in the State of New Jersey. They have all filed applications for adjustment of status with the USCIS which, although denied, would have been reopened if the agency had granted Michael Purcell's motion to reopen.

6. The defendant, The Honorable Alejandro Mayorkas, is the Secretary of Homeland Security, and as such the person with primary responsibility for adjudicating plaintiffs'

applications and all motions pertaining thereto. He resides for official purposes in the District of Columbia.

7.  The defendant, USCIS, is the agency within the Department of Homeland Security to which the Secretary has delegated his authority to adjudicate plaintiffs' applications and all motions pertaining thereto, and which actually denied Mr. Purcell's motion to reopen his Form I-485. It resides in the State of Maryland and the District of Columbia.

8.  The defendant, Merrick Garland, is the Attorney General of the United States and the head of the Department of Justice, which is the agency responsible for the regulation which was the apparent basis for denying Michael Purcell's motion to reopen. He resides for official purposes in the District of Columbia.

JURISDICTION

9.  This being a civil action arising under 5 U.S.C. § 701 et seq., being laws of the United States pertaining to the judicial review of decisions of administrative agencies, original jurisdiction over it is vested in this Court by 28 U.S.C. § 1331.

VENUE

10. Venue is properly vested in this Court in that all of the defendants reside in the District of Columbia.

11. Venue is also properly vested in this Court because  a substantial part of the events or omissions giving rise to the claim occurred here, namely the amendment of the Code of Federal Regulations adding 8 C.F.R. § 245.2(d)(2), which this action challenges as not being in accordance with law and arbitrary and capricious.

BRIEF STATEMENT OF RELEVANT FACTS

9. Michael Purcell entered the United States on or about July 7, 2016 in B-2 status. *See* **Exhibit 2 at p. 3.**

**10.** Shortly thereafter, Michael Purcell sought out the services of McKane & Associates LLC (hereinafter, "McKane"), a domestic Limited-Liability Company located in Las Vegas, NV that claimed to be affiliated with Mimi Wolfe World Immigration Group and could provide immigration services. See **Exhibit C of Exhibit 3**[1]

11. On September 12, 2016, Michael Purcell signed a service agreement with McKane for it to represent him in obtaining a green card. For these services, he was to pay $37,500.00, $10,000.00 of which was required immediately as a down-payment for the services. *Id.*

12. Unfortunately, like too many other immigrants in the United States, Michael Purcell was the victim of fraud.

13. McKane, which is currently not recognized as an operating entity according to the State of Nevada's business portal (*see* **Exhibit D**), was not capable of providing the services it claimed it could.

14. In reality, the organization consisted of non-attorney individuals who were never capable of providing competent services and advice in the realm of immigration law.

15. McKane, through two non-attorneys, Leni Mariano and Rosalind Pearson, proceeded to swindle Michael Purcell out of approximately $38,000.00 while claiming it was going to represent him in obtaining a green card, and advising him he was in a legal status while they proceeded.

16. In fact nothing was filed with the USCIS as a result of Michael Purcell's representation by McKane and/or its collaborators.

---

[1] All references to lettered Exhibits in this Complaint refer to Exhibits to Michael Purcell's Motion to Reopen the USCIS's Decision of June 7, 2021, submitted herewith as Exhibit 3.

COMPLAINT - 4

16. Michael Purcell's Motion to Reopen the Decision denying his Form I-485 provided a number of documents tieing  Leni Mariano, **Exhibits C & D** and Rosalind Pearson, to McKane. *See* **Exhibit E.**

**17.** Michael Purcell, believing his case was being properly handled, consistently withdrew money to pay McKane in accordance to the contract entered into. *See* **Exhibit F**.

18. In or around March of 2018, Michael Purcell began to suspect McKane's actions, as he had not yet received a green card. The applicant attempted to have his money returned to him due to McKane's complete failure to competently handle Michael Purcell's adjustment application; he, unfortunately, was stonewalled by Rosalind Pearson, and did not obtain the approximately $38,000.00 stolen from him, as evidenced by the text messages between Michael Purcell and Rosalind Pearson provided. *See* **Exhibit G**.

19. During the time that McKane fraudulently took Michael Purcell's money, his immigration status expired. *See* **Exhibit B.**

**20**. As a consequence, Michael Purcell ceased to maintain a lawful nonimmigrant status through no fault of his own, but entirely due to the ineffective assistance of McKane, Mariano and Pearson, who had undertaken to represent him in his immigration matters.

**18.** Consistent with *Matter of Lozada*, Michael Purcell's counsel sent letters to Mariano and Pearson advising them of Mr. Purcell's charges against them, attached as **Exhibits H & I** respectively.

17. An email was received from Ms. Mariano which did not appear responsive to that letter. **Exhibit J**.

18. Ms. Pearson called Michael Purcell's counsel on July 6 and denied giving legal advice to Mr. Purcell but offered no details. *Id*.

COMPLAINT - 5

19. In particular, it was not clear whether she was denying advising Michael Purcell that an application for adjustment of status had been filed upon his behalf, that he could remain in the U.S. during the pendency of his application, or merely that anything which she said to Mr. Purcell could not be considered legal  advice because, as she said, "I am not an attorney". *Id.*

20. Michael Purcell's counsel requested that she respond to the letter in writing, and she said she would, but no written response had been received as of July 15, 2020. **Exhibit K.**

21. Michael Purcell's counsel also sent complaints to appropriate government agencies in Nevada and New Jersey  complaining of Ms. Mariano and Pearson's engagement in the unauthorized practice of law.  **Exhibits L & M.**

22.  On January 2, 2020, Michael Purcell, for the first time,  filed a Form I-485 with USCIS. **Exhibit 1.**

23. Likewise, on the same date the other plaintiffs each filed Forms I-485 for the first time as well.

24. The application upon behalf of Michael Purcell, was premised in material part on the fact that a Petition for Immigrant Worker (Form I-140) to classify him as a skilled worker had been filed upon his behalf by a U.S. company offering him employment in the United States, which was subsequently approved. **Exhibit 5**.

25. On June 7, 2021, Michael Purcell's Form I-485 was denied on the grounds that he had failed to maintain a lawful nonimmigrant status in the U.S. for over 180 days since his last admission. **Exhibit 2**.

26. The other plaintiffs' Forms I-485 were all denied because Michael Purcell's was.

26. On July 23, 2021, Michael Purcell filed with USCIS a Motion to Reopen the denial of his I-485, a copy of which is submitted herewith as **Exhibit 3.**

COMPLAINT - 6

27. In that Motion he pointed out that he was out of status through no fault of his own and, specifically, because of the ineffective assistance of counsel provided to him by Leni Mariano and Rosalind Pearson, upon behalf of McKane. **Id.**

27. On October 5, 2021, the USCIS denied Michael Purcell's motion because "(t)he evidence you submitted with this motion does not overcome the reason(s) for the denial of your application or petition." **Exhibit 4.**

28. The agency's decision did not acknowledge, much less respond to or refute, Michael Purcell's argument that he was out of status through no fault of his own and, specifically, because of the ineffective assistance of counsel provided to him by Leni Mariano and Rosalind Pearson. Id.

29. While the USCIS did not express its basis for concluding that Michael Purcell's argument that he was out of status through no fault of his own, despite being the victim of ineffective assistance of counsel, upon information and belief it was because 8 C.F.R. § 245.1(d) limited the definition of that term as set forth in paragraph X , *infra*, and so excluded receiving ineffective assistance of counsel as a basis for concluding that an applicant for adjustment of status was out of status through no fault of his own

STATEMENT OF APPLICABLE LAW

28. 8 U.S.C. § 1255(a) provides in relevant part that:

> The status of an alien who was inspected and admitted or paroled into the United States or the status of any other alien having an approved petition for classification as a VAWA self-petitioner may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed.

29. 8 U.S.C. § 1255(c)(2) provides in relevant paret that:

> Other than an alien having an approved petition for classification as a VAWA self-
> petitioner, subsection (a) shall not be applicable to … (2) subject to subsection (k), an
> alien … who has failed (other than through no fault of his own or for technical reasons)
> to maintain continuously a lawful status since entry into the United States; …"

30. 8 U.S.C. § 1255(k) provides in relevant part that:

> An alien who is eligible to receive an immigrant visa under paragraph (1), (2), or (3)
> of section 1153(b) of this title (or, in the case of an alien who is an immigrant described
> in section 1101(a)(27)(C) of this title, under section 1153(b)(4) of this title) may adjust
> status pursuant to subsection (a) and notwithstanding subsection (c)(2), (c)(7), and (c)(8),
> if-
>     (1) the alien, on the date of filing an application for adjustment of status, is present in
> the United States pursuant to a lawful admission;
>     (2) the alien, subsequent to such lawful admission has not, for an aggregate period
> exceeding 180 days-
>     (A) failed to maintain, continuously, a lawful status;
>     (B) engaged in unauthorized employment; or
>     (C) otherwise violated the terms and conditions of the alien's admission.

31. The USCIS does not consider the following situations to count toward the 180-day limit

contained in 8 U.S.C. § 1255(k)(2):

> Any time period of unlawful status that USCIS determines was the result of a "technical
> violation" or through no fault of the applicant.  7 USCIS-PM B.8(E)(4) (citing 8 C.F.R. §
> 245.1(d)).

32. 8 C.F.R. § 245.1(d)(2) provides that:

> The parenthetical phrase *other than through no fault of his or her own or for technical
> reasons* shall be limited to:
>
> **(i)** Inaction of another individual or organization designated by regulation to act on behalf
> of an individual and over whose actions the individual has no control, if the inaction is
> acknowledged by that individual or organization (as, for example, where a designated
> school official certified under § 214.2(f) of this chapter or an exchange program sponsor
> under § 214.2(j) of this chapter did not provide required notification to the Service of
> continuation of status, or did not forward a request for continuation of status to the Service);
> or
>
> **(ii)** A technical violation resulting from inaction of the Service (as for example, where an
> applicant establishes that he or she properly filed a timely request to maintain status and

the Service has not yet acted on that request). An individual whose refugee or asylum status has expired through passage of time, but whose status has not been revoked, will be considered to have gone out of status for a technical reason.

**(iii)** A technical violation caused by the physical inability of the applicant to request an extension of nonimmigrant stay from the Service either in person or by mail (as, for example, an individual who is hospitalized with an illness at the time nonimmigrant stay expires). The explanation of such a technical violation shall be accompanied by a letter explaining the circumstances from the hospital or attending physician.

**(iv)** A technical violation resulting from the Service's application of the maximum five/six year period of stay for certain H-1 nurses only if the applicant was subsequently reinstated to H-1 status in accordance with the terms of Public Law 101-656 (Immigration Amendments of 1988).

**33. However, this limitation on the meaning of "***other than through no fault of his or her own or for technical reasons"*** has been held invalid "to the extent it excludes reasonable reliance on the assistance of counsel from the circumstances covered by the phrase 'other than through no fault of his own.'" *Peters v. Barr*, 954 F.3d 1238, 1244 (9th Cir. 2020).

CAUSES OF ACTION

I.   THE USCIS'S DENIAL OF MICHAEL PURCELL'S MOTION TO REOPEN WAS ARBITRARY AND CAPRICIOUS BECAUSE IT IGNORED EVIDENCE CONTRADICTING ITS POSITION

34. ("[A]n agency cannot ignore evidence contradicting its position." *Genuine Parts Co. v. EPA*, 890 F.3d 304, 312 (D.C. Cir. 2018)  (quoting *Butte Cty. v. Hogen*, 613 F.3d 190, 194 (D.C. Cir. 2010)).

35. The USCIS's decision denying Michael Purcell's motion to reopen, because it supposedly did not overcome the reason for the denial of his application, ignored extensive evidence that Mr. Purcell failed to maintain his status through no fault of his own, that is, due to ineffective assistance of counsel.

36. Accordingly, the USCIS's decision to deny Michael Purcell's Motion to Reopen was

arbitrary and capricious.

WHEREFORE this Court should hold the USCIS's decision to deny  Michael Purcell's Motion

to Reopen unlawful and set it aside. 5 U.S.C. § 706(2)(A).

II.   THE USCIS'S DECISION DENYING MICHAEL PURCELL'S MOTION TO
      REOPEN WAS ARBITRARY AND CAPRICIOUS BECAUSE IT FAILED TO
      ARTICULATE A SATISFACTORY EXPLANATION FOR ITS ACTIONS,
      INCLUDING A RATIONAL CONNECTION BETWEEN THE FACTS FOUND
      AND THE CHOICE MADE

37. The arbitrary and capricious standard "requires the agency to 'examine the relevant data and

articulate a satisfactory explanation for its action including a 'rational connection between the

facts found and the choice made.' " *Tourus Records, Inc. v. DEA*, 347 U.S. App. D.C. 262, 259

F.3d 731, 736 (D.C. Cir. 2001), quoting  *Motor Vehicle Mfrs. Ass'n of United States, Inc. v. State*

*Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983).

38. The agency's bare assertion that "(t)he evidence you submitted with this motion does not

overcome the reason(s) for the denial of your application or petition" does not articulate a

satisfactory explanation for its action including a 'rational connection between the facts found

and the choice made.'".

39. Accordingly, the decision of the USCIS denying Michael Purcell's motion to reopen his

application for adjustment of status was arbitrary and capricious.

WHEREFORE this Court should hold the USCIS's decision to deny  Michael Purcell's Motion

to Reopen unlawful and set it aside. 5 U.S.C. § 706(2)(A).

III.   THE AMENDMENT OF THE CODE OF FEDERAL REGULATIONS TO ADD 8
       CFR 245.1(d)(2) WAS NOT IN ACCORDANCE WITH LAW TO THE EXTENT
       THAT THIS SECTION EXCLUDES BEING THE VICTIM OF INEFFECTIVE
       ASSISTANCE OF COUNSEL FROM THE DEFINITION OF THE PHRASE
       "OTHER THAN THROUGH NO FAULT OF HIS OWN OR FOR TECHNICAL
       REASONS"

40. On July 12, 1989, the Immigration and Naturalization Service (INS), then an agency within the Department of Justice, and predecessor in interest to the Secretary of Homeland Security and the USCIS, amended Chapter I of Title 8, Part 245 of the Code of Federal Regulations by adding 8 C.F.R. § 245.1(d)(2), which provides as indicated in paragraph 32 *supra*.

38. While the USCIS's denial of Michael Purcell's motion to reopen did not offer any explanation for its conclusion that "(t)he evidence you submitted with this motion does not overcome the reason(s) for the denial of your application or petition, upon information and belief the denial agency relied upon 8 C.F.R. § 245.1(d)(2) in concluding that the evidence Mr. Purcell submitted with his motion did not overcome the reason(s) for the denial of his application for adjustment of status.

39. 8 C.F.R. § 1245.1(d)(2) is not in accordance with law "to the extent it excludes reasonable reliance on the assistance of counsel from the circumstances covered by the phrase 'other than through no fault of his own.'" *Peters v. Barr*, 954 F.3d 1238, 1244 (9th Cir. 2020). *Accord Evangelista v. Johnson*, 2015 U.S. Dist. LEXIS 182644, 2015 WL 12683978, at *4-5 (D. Mass. Oct. 30, 2015); *Ching Ye Wong v. Napolitano*, 2010 U.S. Dist. LEXIS 22324, 2010 WL 916274, at *12-15 (D. Or. Mar. 10, 2010); *Alimoradi v. U.S. Citizenship & Immigration Servs.*, 2009 U.S. Dist. LEXIS 126248, 2009 WL 8633619, at *5-6 (C.D. Cal. Feb. 10, 2009).

WHEREFORE this Court should hold that the INS's amendment of Chapter I of Title 8, Part 245 of the Code of Federal Regulations by adding  8 C.F.R. § 245.1(d)(2) was not in accordance with law and so hold it unlawful and set it aside.

IV.     THE AMENDMENT OF THE CODE OF FEDERAL REGULATIONS TO ADD 8 C.F.R. § 245.1(d)(2) WAS ARBITRARY AND CAPRICIOUS BECAUSE IT DID NOT ARTICULATE A RATIONALE FOR LIMITING THE MEANING OF THE

PHRASE 'OTHER THAN THROUGH NO FAULT OF HIS OWN TO THE
EXAMPLES SPECIFIED IN THAT SECTION.

41. The sole discussion by the INS of the amendment adding 8 C.F.R. § 245.1(d)(2) contained in

either the Federal Register was:

> The term "other than through no fault of [the applicant's] own for technical reasons" has
> been defined to describe three types of situations. The first, over which the applicant has
> no control, would not include situations such as an employer's delay in completing
> required documents to give to the applicant for submission to the Service. An applicant
> who fails to maintain status because he or she is awaiting a decision on a labor
> certification request from the Department of Labor or a visa petition from the Service
> before filing an application for adjustment has not failed to maintain "through no fault of
> his own for technical reasons" and is ineligible to adjust. The examples given in the
> regulation are not intended to be all-inclusive.

42. This discussion offers no rationale for this amendment.

43. In particular, this discussion offers no rationale for excluding from the definition of the term

"other than through no fault of [the applicant's] own for technical reasons" any example other

than those stated in 8 C.F.R. 245.1(d)(2). Rather, it merely describes the amendment.

44. In fact, far from providing a rationale for the limitation of that phrase to the examples in 8

C.F.R. § 245.1(d)(2), the comments to the regulatory amendment actually contradict the

amendment's terms by stating "(t)he examples given in the regulation are not intended to be all-

inclusive", when, in fact the amendment states that (t)he parenthetical phrase "other than through

no fault of his or her own for technical reasons' shall be limited to: the examples given in the

regulations."

45."(A)n agency's action is arbitrary and capricious (where) the agency has not … articulated

any rationale for its choice," *Republican Nat'l Comm. v. Fed. Election Comm'n*, 76 F.3d 400, 407

(D.C. Cir. 1996) quoting *Arent v. Shalala,* 70 F.3d 610, 620 (D.C. Cir. 1995).

COMPLAINT - 12

46. Inasmuch as the USCIS's decision denying Michael Purcell's Motion to Reopen was, upon information and belief, premised in material part upon 8 C.F.R. § 245.1(d)(2), it likewise is arbitrary and capricious.

WHEREFORE this Court should hold that the amendment adding 8 C.F.R. § 245.1(d)(2) and the denial of Michael Purcell's Motion to Reopen his I-485 were both arbitrary and capricious, and so hold them unlawful and set them aside. 5 U.S.C. 706(2)(A).

Dated this   day of October, 2021.

/s/ Michael E. Piston
Michael E. Piston (MI 002)
Attorney for the Plaintiff
38-08 Union St., Suite 9A
Flushing, NY 11354
(646) 876-3772
Fx: 206-770-6350
Michaelpiston4@gmail.com

COMPLAINT - 13